UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RANDLE, | No. 2:23-cv-01990-TLN-DB |
| Plaintiff, | |
| v. | **ORDER** |
| COUNTY OF COLUSA, et al., | |
| Defendants. | |

This matter is before the Court on Defendant City of Williams's ("the City")[1] Motion to Dismiss, or in the alternative for Motion for Judgment on the Pleadings, or in the alternative Motion for a More Definite Statement.  (ECF No. 7.)  Plaintiff Raymond Randle ("Plaintiff") filed an opposition.  (ECF No. 8.)  The City did not file a reply.  For the reasons set forth below, the Court DENIES the City's Motion for Judgment on the Pleadings as premature, GRANTS the City's Motion to Dismiss, and DENIES the City's Motion for More Definite Statement as moot.

///
///
///
///

---

[1]     The Court notes Defendant County of Colusa ("the County") has not appeared in this action or filed a responsive pleading, nor is the County of Colusa party to the instant motions.

1   **I.     FACTUAL AND PROCEDURAL BACKGROUND**

2          This case arises out of Plaintiff's arrest on July 29, 2022 in Williams, California.  (ECF

3   No. 5 at 3.)  While Plaintiff was getting out of his car outside his home, a Colusa County Sheriff's

4   Deputy ("the Deputy") pulled up behind Plaintiff's car.  (*Id.*)  The Deputy asked for Plaintiff's

5   driver's license and registration, and Plaintiff turned back into his car to get these documents for

6   the Deputy.  (*Id.*)  Plaintiff alleges the Deputy then grabbed Plaintiff from behind and told

7   Plaintiff to "stop resisting."  (*Id.*)  Other deputies and Williams Police Department officers then

8   arrived at the scene.  (*Id.*)  Plaintiff alleges deputies then forced him to the ground, handcuffed

9   him, and dragged him across gravel before throwing him into a patrol vehicle.[2]  (*Id.*)  As a result

10  of this action, Plaintiff alleges he suffered a fractured elbow and continues to suffer from back

11  pain and anxiety.  (*Id.*)

12         On September 14, 2023, Plaintiff initiated this action.  (ECF No. 1.)  On November 8,

13  2023, Plaintiff filed a First Amended Complaint ("FAC") against the County and the City,

14  alleging the following seven causes of action: (1) violation of Plaintiff's Fourth Amendment

15  rights for use of excessive force against the County and the City under 42 U.S.C. § 1983 ("§

16  1983"); (2) violation of Plaintiff's Fourth Amendment rights for unlawful seizure against the

17  County and the City under § 1983; (3) violation of Plaintiff's Fourth Amendment rights for

18  unlawful detention against the County and the City under § 1983; (4) violation of California Civil

19  Code § 51.7 against the County; (5) violation of California Civil Code § 52.1 against the County;

20  (6) assault and battery against the County; and (7) negligence against the County.  (ECF No. 5.)

21  On December 1, 2023, the City filed the instant motion to dismiss, or in the alternative motion for

22  judgment on the pleadings, or in the alternative motion for more definite statement.  (ECF No. 7.)

23         As a preliminary matter, the Court DENIES the City's Motion for Judgment on the

24  Pleadings as premature.  Federal Rule of Civil Procedure ("Rule") 12(c) permits judgment on the

25  pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  "Pleadings are

26  closed for the purposes of Rule 12(c) once a complaint and answer have been filed …."  *Doe v.*

27

28  [2]      Plaintiff does not specify whether these deputies were a part of the Colusa County
    Sheriff's Department or City of Williams's Police Department.

*United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). The City filed the instant motion for judgment on the pleadings before it filed an answer to the FAC, and it is therefore premature. Moreover, because the Court intends to grant Plaintiff's motion to dismiss with leave to amend, the Court need not and does not address the City's motion for more definite statement.

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove

3

1    facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

2    been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

3    U.S. 519, 526 (1983).

4        Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

5    facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697. "A claim has

6    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

7    reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 680. While

8    the plausibility requirement is not akin to a probability requirement, it demands more than "a

9    sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a

10   context-specific task that requires the reviewing court to draw on its judicial experience and

11   common sense." *Id.* at 679.

12       In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits

13   thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.

14   *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

15   *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

16       If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

17   amend even if no request to amend the pleading was made, unless it determines that the pleading

18   could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

19   1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

20     **III.**    **ANALYSIS**

21       In Claims One through Three, Plaintiff alleges the City violated his Fourth Amendment

22   right to be free from use of excessive force, unlawful seizure, and unlawful detention. (ECF No.

23   5 at 4–6.) The City moves to dismiss Plaintiff's claims, arguing "Plaintiff fails to plead any facts,

24   whatsoever, which support a claim for municipal liability against the city." (ECF No. 7-1 at 6.)

25   In opposition, Plaintiff argues the FAC sufficiently alleges the City's officers "actively aided or

26   failed to act against the violations alleged in the FAC" and the City is liable under § 1983 based

27   upon the integral participant doctrine. (ECF No. 8 at 3–4.)

28   / / /

Under the "integral participant doctrine," "an official whose 'individual actions' do 'not themselves rise to the level of a constitutional violation' may be held liable under section 1983 only if the official is an 'integral participant' in the unlawful act." *Peck v. Montoya*, 51 F.4th 877, 889 (9th Cir. 2022).  In the instant case, however, Plaintiff does not name any City of Williams police officers as defendants, nor does Plaintiff cite any authority on the applicability of the "integral participant doctrine" to municipalities like the City.

It is well-established that "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondent superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  To state a *Monell* claim against a municipality, a plaintiff must allege facts demonstrating "that an 'official policy, custom, or pattern' on the part of [the municipality] was 'the actionable cause of the claimed injury.'" *Tsao v. Desert Palace*, *Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008)); *see also Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016) (explaining that to establish municipal liability under § 1983, a plaintiff must show a direct causal link between the municipal policy or custom and the alleged constitutional violation).

"In particular, municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).

In the instant case, the FAC does not include any factual allegations regarding an official City of Williams policy or pervasive custom that led to Plaintiff's alleged constitutional violation, nor does Plaintiff allege how a failure to train City of Williams police officers or ratification by a final policymaker caused the alleged constitutional violations.  Without any such factual allegations, Plaintiff's theory of the City's liability collapses into a respondeat superior theory liability, which is impermissible under § 1983.  *Monell*, 436 U.S. at 692–95.

Thus, the Court finds Plaintiff has not sufficiently alleged facts which support a claim for municipal liability against the City under § 1983.  Accordingly, the Court GRANTS Defendant's

motion to dismiss.  Additionally, the Court will give Plaintiff an opportunity to amend their FAC based on the liberal standard in favor of granting leave to amend.  *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) ("Courts are free to grant a party leave to amend whenever justice so requires, and request for leave should be granted with extreme liberality.").

### IV.   CONCLUSION

For the foregoing reasons, the Court herby DENIES the City's Motion for Judgment on the Pleadings as premature, GRANTS the City's Motion to Dismiss with leave to amend, and DENIES the City's Motion for a More Definite Statement as moot.  (ECF No. 7.)  Plaintiff shall file their amended complaint not later than thirty (30) days from the electronic filing date of this Order.  The City's responsive pleading is due not later than twenty-one (21) days after Plaintiff files his amended complaint.  Should Plaintiff choose not to file an amended complaint, the Court will dismiss the City from this action.

Furthermore, the Court ORDERS Plaintiff to file a status report not later than thirty (30) days from the electronic filing date of this Order indicating how Plaintiff wishes to proceed against the County. Should Plaintiff choose not to file a status report, the Court will dismiss the County from this action for failure to prosecute.

IT IS SO ORDERED.

Date: June 11, 2024

Troy L. Nunley
United States District Judge