UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RANDLE,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF COLUSA, et al.,<br><br>        Defendants. | No. 2:23-cv-01990-TLN-SCR<br><br>**ORDER** |

       This matter is before the Court on the Petition to Appoint John Doe as Guardian Ad Litem for Plaintiff Raymond Randle ("Plaintiff") filed by Plaintiff's counsel. (ECF No. 47.) For the reasons set forth below, the Petition is GRANTED.

       Plaintiff initiated this action on September 14, 2023, and filed the operative Second Amended Complaint against Defendants County of Colusa, Officer C. Doble, City of Williams, Officer Beacham, and Officer Wright (collectively, "Defendants") on July 10, 2024. (ECF Nos. 1, 12.) On March 14, 2025, Plaintiff's counsel filed a status report informing the Court that a conservatorship hearing for Plaintiff was scheduled in state court. (ECF No. 23.) On April 24, 2025, Plaintiff's counsel filed another status report stating Plaintiff was deemed incompetent and appointed a guardian by the County of Colusa. (ECF No. 24.) Plaintiff's counsel filed additional status reports and supplemental briefing concerning Plaintiff's competency to proceed in this case. (ECF Nos. 26, 29, 32, 37.) On July 15, 2025, the Court stayed all proceedings pending

1  appointment of a guardian ad litem for Plaintiff. (ECF No. 38.) The Court also requested the
2  Court's Pro Bono Coordinator assist with identifying candidates to serve as Plaintiff's guardian
3  ad litem. (*Id.*) The Court's Pro Bono Coordination provided status updates on these efforts.
4  (ECF Nos. 38, 39.) After the Court was informed that a candidate had been identified, the Court
5  ordered the parties to confer. (ECF No. 40.) On October 10, 2025, the parties filed a joint status
6  report in which counsel for Defendants indicated they had no objection to the proposal to appoint
7  Plaintiff a guardian ad litem. (ECF No. 41.)

8       On October 23, 2025, the Court held a status conference in a closed session with counsel
9  for Plaintiff and Defendants present, as well as the Court's Pro Bono Coordinator, a member of
10 Plaintiff's family, and the proposed guardian ad litem. (ECF No. 43.) Plaintiff's counsel
11 apprised the Court of their efforts to obtain Plaintiff a guardian ad litem, confirmed that Plaintiff
12 is still under a conservatorship, and explained why Plaintiff is unlikely to be removed from his
13 conservatorship. The Court heard from Plaintiff's counsel and the potential guardian ad litem
14 regarding safety concerns and their request that the guardian ad litem be identified as John Doe
15 and be contacted only through Plaintiff's counsel. The proposed guardian ad litem confirmed he
16 understands the role and responsibilities of being appointed Plaintiff's guardian ad litem and is
17 willing and able to take on these responsibilities. The proposed guardian ad litem described his
18 background and qualifications to serve in this role, and confirmed he has no conflicts that would
19 preclude him from accepting the appointment. Counsel for Plaintiff and Defendants and
20 Plaintiff's family member confirmed they do not object to the potential guardian ad litem's
21 appointment or his request to be identified as John Doe.

22      Federal Rule of Civil Procedure ("Rule") 17(c) provides that "an incompetent person who
23 does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.
24 The court must appoint a guardian ad litem — or issue another appropriate order — to protect
25 a[n] . . . incompetent person who is unrepresented in an action." Fed. R. Civ. Proc. 17(c). "The
26 purpose of Rule 17(c) is to protect an incompetent person's interest in prosecuting or defending a
27 lawsuit." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). Once appointed, a guardian ad
28 litem "acts under the court's supervision and is an officer of the court." *AT&T Mobility, LLC v.*

*Yeager*, 143 F. Supp. 3d 1042, 1052 (E.D. Cal. 2015).

Based on the information provided to the Court on Plaintiff's competency proceedings in state court, this Court finds Plaintiff lacks the capacity to meaningfully participate in these proceedings and therefore appointment of a guardian ad litem is necessary to protect Plaintiff's interests under Rule 17(c). *See AT&T Mobility*, 143 F. Supp. 3d at 1050 ("A person's capacity to sue is measured by the standard of the law of his domicile, . . . and '[i]n California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case.'") (quoting *Golden Gate Way, LLC v. Stewart*, No. C 09-04458 DMR, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012)). The Court finds the potential guardian ad litem who appeared before this Court on October 23, 2025, will serve Plaintiff's best interests and possesses the experience, objectivity, and expertise to fulfill the role as guardian ad litem. *See id.* at 1053–54 (discussing qualifications). The Court further finds good cause to allow the guardian ad litem to proceed as John Doe.[1] Although John Doe is an attorney, Plaintiff will continue to be represented by his current counsel and any contact with John Doe shall be made through Plaintiff's counsel.

Accordingly, the Petition to Appoint John Doe as Guardian Ad Litem for Plaintiff Raymond Randle is GRANTED as follows:

1. The request for the guardian ad litem to be identified as John Doe is granted.
2. John Doe is appointed to serve as Plaintiff's guardian ad litem in this matter and may only be contacted through Plaintiff's counsel.
3. The stay in this action is extended through completion of the settlement conference currently scheduled before Magistrate Judge Carolyn K. Delaney on November 21, 2025. (ECF No. 46.)

IT IS SO ORDERED.

Date: November 18, 2025

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court notes a similar request was previously granted in this District. *See* Order, *Terflinger v. Wiley, et al.*, No. 2:17-cv-00902-AC (E.D. Cal. Jan. 31, 2020), Dkt. 55.